UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

BRANDEE R. SHATTENBERG,

    Plaintiff,

v.                                                                    Case No.:

SEBRING NP SERVICES, LLC and
AMY DE LA FUENTE, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRANDEE R. SHATTENBERG, by and through undersigned counsel, brings this action against Defendants, SEBRING NP SERVICES, LLC and AMY DE LA FUENTE in her individual capacity ("Defendants") and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Highlands County, Florida.

### PARTIES

4. Plaintiff is a resident of Highlands County, Florida.

5. Defendants operate a medical facility in Sebring, in Highlands County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant SEBRING NP SERVICES, LLC was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant SEBRING NP SERVICES, LLC continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant SEBRING NP SERVICES, LLC was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant SEBRING NP SERVICES, LLC was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant SEBRING NP SERVICES, LLC exceeded $500,000 per year.

15. Defendant AMY DE LA FUENTE is the owner of Defendant SEBRING NP SERVICES, LLC.

16. As part of her duties, Defendant AMY DE LA FUENTE supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant AMY DE LA FUENTE also controlled the payroll practices of SEBRING NP SERVICES, LLC.

17. Through the exercise of dominion and control over all employee-related matters at SEBRING NP SERVICES, LLC, in her individual capacity AMY DE LA FUENTE is also an "employer" within the meaning of the FLSA.

18. Plaintiff is a "non-exempt employee" who is covered by the FLSA.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

20. Plaintiff began working for Defendants as an Office Manager in November 2019, and she worked in this capacity until February 2020.

21. In exchange for Plaintiff's services, Defendants agreed to pay Plaintiff an hourly rate of Sixteen Dollars ($16.00) per hour.

22. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

23. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

24. Defendants failed to pay Plaintiff all wages owed to Plaintiff, including her hourly rate for all hours worked.

25. Plaintiff's unpaid hourly wage constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

26. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

32. During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

33. Defendants failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's regular hourly wages.

34. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

   a) A jury trial on all issues so triable;

   b) That process issue, and that this Court take jurisdiction over the case;

   c) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

   d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

   e) For such further relief as this Court deems just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ____ day of May, 2020.

Respectfully submitted,

_____
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**