UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| BRANDEE R. SHATTENBERG, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-14144 |
| SEBRING NP SERVICES, LLC, and AMY DE LA FUENTE, an individual, | ) |
| Defendants | ) |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE**

Defendants, SEBRING NP SERVICES, LLC and AMY DE LA FUENTE, hereby moves this Honorable Court to issue an Order Approving the FLSA settlement in the above-referenced matter, the terms of which are as follows:

### I. STATEMENT OF FACTS

1. On May 11, 2020, Plaintiff filed a civil action in the United States District Court for the Southern District of Florida, Fort Pierce Division Case No. 2:20-cv-14144. (See Document 1).

2. Plaintiff's Complaint alleges that Defendant violated the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA"). (*See id.*).

3. Defendant disputes Plaintiff's claims in this action.

4. The Parties have agreed to fully and completely resolve this matter.

www.spirelawfirm.com
Employment Attorneys

5. The Parties agree that the terms of the settlement constitutes a fair and reasonable resolution of Plaintiff's claims in this matter.

6. Written Settlement Agreements have been prepared that memorialize the terms of the Parties' settlements. In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby jointly seek the Court's approval of the settlement reached in this matter. A copy of the Settlement Agreement is attached as Composite Exhibit A.

7. Provided that the Court approves the terms of the Settlement Agreements, the Parties further move the Court to enter an Order granting the instant Motion to Approve Settlement Agreements and dismissing Plaintiff's claims with prejudice.

## II. ARGUMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlements, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceeding and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

### III. ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLMENT

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against her former employer, which was adversarial in nature.

Courts have found no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiff seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006).  Here each Party was independently represented by experienced counsel and the settlement was negotiated between counsel, in consultation with the Parties.  The undersigned counsel represent to the Court that there was no fraud or collusion and that all parties are in agreement.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement.  There are contested issues regarding whether the Plaintiff was an employee or independent contractor.  This settlement, in the early stages of litigation, therefore, is a reasonable means for all parties to minimize future risks and litigation costs.

The Parties agree that they have been able to properly evaluate the claims and Plaintiff has at all times been represented by counsel.  In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Counsel for Plaintiff and for Defendant believe the settlement to be fair and reasonable.

### IV.   THE PROPOSED ATTORNEY'S FEES AND COSTS ARE REASONABLE

As part of the Parties' settlement, Plaintiff's attorneys' fees and costs were at all times negotiated separately from the amounts claimed by Plaintiff for her underlying claims and are not a function of any percentage of recovery.  As the Court explained in

www.spirelawfirm.com
Employment Attorneys

*Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

In the instant action, Defendant's payment for Plaintiff's attorney's fees and costs provides for the resolution of all attorneys' fees and costs allegedly owed to Plaintiff's counsel. The Parties agreed on the additional amount of fees and costs to be paid to Plaintiff's counsel after agreeing on the amounts to be paid to Plaintiff. Based upon the foregoing, the payment to Plaintiff's Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise of same.

### V. **TERMS OF SETTLEMENT**

The Parties hereby submit the terms of the settlement. As set forth in the attached Exhibit A, the Parties have agreed to settle this case as follows. Plaintiff will be paid $1,107.50 in lost wages (minus applicable taxes). Plaintiff will receive an equal amount ($1,107.50) in liquidated damages. The $2,785.00 for attorney's fees and costs was negotiated separately from the amounts paid to Plaintiff.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreement entered into by the Parties to the

instant action and dismissing this case, with prejudice, but retaining jurisdiction, as necessary to enforce the Settlement Agreement entered into by the Parties.

Respectfully submitted this 4th day of August, 2020.

| By: /s/ Christopher J. Saba<br>Christopher J. Saba, Esquire<br>Fla. Bar No: 0092016<br>WENZEL FENTON CABASSA, P.A.<br>1110 North Florida Avenue, Suite 300<br>Tampa, FL 33602<br>Telephone: (813) 224-0431<br>Facsimile: (813) 229-8712<br>csaba@wfclaw.com | By: */s/ Heather M. Meglino*<br>Heather M. Meglino, Esquire<br>Florida Bar No: 91857<br>Spire Law, LLC<br>2572 West State Road 426, Suite 2088<br>Oviedo, FL 32765<br>Telephone: (407) 494-0135<br>heather@spirelawfirm.com<br>lauren@spirelawfirm.com |
|---|---|

## CERTIFICATE OF SERVICE

I hereby Certify that on this 4th day of August, 2020, the foregoing was electronically filed with the Court by using the CM/ECF portal electronically filed with the Court by using the Southern District of Florida's CM/ECF portal, which will send a notice of electronic filing to all parties of record.

/s/ Heather M. Meglino

Heather M. Meglino

www.spirelawfirm.com
Employment Attorneys